COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, AtLee and Senior Judge Haley
Argued at Richmond, Virginia

PUBLISHED

PAUL ANTHONY MENNINGER

                                                      OPINION BY
v.        Record No. 1706-14-2        JUDGE JAMES W. HALEY, JR.
                                                     APRIL 14, 2015

JANET MARIE MENNINGER

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Samuel E. Campbell, Judge Designate

Edwin Gadberry, III (Saunders, Patterson & Mack, on brief), for
appellant.

David S. Clements (Gordon, Dodson, Gordon & Rowlett, on brief),
for appellee.

I.

Paul Anthony Menninger (husband) appeals an order requiring him to pay Janet Marie
Menninger (wife) $6,000 for her share of a "distribution" from husband's John Hancock retirement
account.  Husband argues that the trial court erred by (1) ordering him to pay wife the sum of
$6,000 "representing her share of a nonexistent 'distribution' from his retirement account;"
(2) disregarding "the plain language of the property settlement agreement" and ordering him to pay
an amount not supported by the evidence; and (3) refusing to allow him to testify and present
evidence in support of his position.  For the reasons stated below, this Court reverses and remands
this matter to the trial court.

II.

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married in 1983 and separated in 2011. On May 21, 2013, the parties entered into a property settlement agreement (the agreement), which was later incorporated into their final decree of divorce on July 26, 2013.

In June 2014, wife filed a petition to show cause and alleged, in pertinent part, that husband failed to comply with the terms of the agreement and pay wife for her share of his 2012 distribution from his John Hancock retirement account.[1] The agreement included the following provision regarding the John Hancock retirement account:

> For the past few years, Husband has received annual distributions from the John Hancock Retirement Account/401(K) Plan . . . , in amounts between $6,000.00 and $12,000.00. Husband affirmatively states that he is unaware of the amount of the 2012 distribution, but agrees that the distribution, in an amount between $6,000 and $12,000, shall be divided equally between the parties.

A show cause hearing was scheduled for thirty minutes on August 8, 2014 with a substitute judge. Both counsel summarized their positions, but neither party had the opportunity to present testimonial evidence or further documentary evidence in support of the relative positions in their respective summaries. Wife asked the trial court to order husband to pay her $6,000 for her share of his expected $12,000 distribution. Husband told the trial court that he did not receive a distribution in 2012, and asserted that it should not be called a distribution because it actually was "a refund of an overpayment into this 401(K)." Husband suggested that they

---

[1] Wife's petition for show cause addressed other issues, which were not appealed and, therefore, not discussed herein.

reschedule the hearing for an hour with the original judge. The substitute judge declined to reschedule the matter and told counsel that he would discuss the issues with the original judge.[2]

On August 14, 2014, the trial court entered an order stating that husband was to pay wife "$6,000.00 representing her share of a $12,000.00 distribution from [husband's] John Hancock Retirement Account for the year 2012." Husband filed a motion for reconsideration. He argued that there was "not enough time" at the August 8 hearing for witnesses to testify. He asserted that there was no "distribution" and that he should not pay wife $6,000. He requested that the order be set aside and a hearing be scheduled so that "the parties and their relevant witnesses" could testify. On August 29, 2014, the trial court entered an order denying the motion for reconsideration. This appeal followed.[3]

### III.

In his third assignment of error, husband argues that the trial court erred when it refused to allow him to testify and call relevant witnesses and present documentary evidence. In wife's petition for show cause, she alleges that husband did not comply with the agreement and pay her for her share of his 2012 distribution from the John Hancock retirement account. Husband told the trial court that he did not receive a distribution, so there was nothing to divide. His counsel said that the term, "distribution," is a "misnomer."

At the beginning of the hearing, wife's counsel acknowledged that there was a dispute among the parties regarding the distribution and "[t]hat's why we may have the facts to get

---

[2] Both parties agree that the original judge had not heard any evidence on the issue of husband's distribution.

[3] Wife argues that husband's opening brief and appendix failed to comply with Rules 5A:18, 5A:20(e), and 5A:25. Upon review of the opening brief and appendix, this Court finds that husband complied with Rules 5A:18, 5A:20, and 5A:25. This Court notes that contrary to wife's argument, an issue may be preserved in a motion to reconsider that was ruled upon by the trial court. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991); Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc).

through with the clients; go through the history about how they proceeded at least three years before that expectation of money." Husband's counsel stated that the issue was complicated, and it would take a while to present evidence concerning the issues. After listening to each counsel's opening statement, the trial court stated, "This case isn't going to be decided in 10 minutes." Husband's attorney responded, "I think it's set for 30, and that's why I did not bring the . . . tax guy here because I knew I'd never get them in in 15 minutes." He suggested that the hearing be rescheduled for one hour with the original judge, so that the parties or their evidence would be available. The trial court acknowledged that the case was "handed off to me for 35 minutes to try [and] make a decision that's going to be big. I want to be careful." However, the trial court then stated that it would speak with the original judge and get back to the parties. The trial court heard from no witnesses, but issued an order a few days after the hearing and held husband responsible for a $6,000 payment to wife for her share of his $12,000 distribution.

Husband contends his due process rights were violated because he was not given the opportunity to testify and present evidence upon the issues before the court.

Article 1, Section 11 of the Virginia Constitution states that "no person shall be deprived of his life, liberty, or property without due process of law . . . ."

"'All the authorities agree that "due process of law" requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property.'" Ward Lumber Co. v. Henderson-White Mfg. Co., 107 Va. 626, 630, 59 S.E. 476, 478 (1907) (quoting Violett v. City Council of Alexandria, 92 Va. 561, 567, 23 S.E. 909, 911 (1896)).

"'A day in court, an opportunity to be heard, is an integral part of due process of law.'" Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (quoting Moore v. Smith, 177 Va. 621, 626, 15 S.E.2d 48, 49 (1941)). "This due process right includes the right to testify,

- 4 -

to examine the opposing party, and to call witnesses in defense of the alleged contempt." Street v. Street, 24 Va. App. 14, 20, 480 S.E.2d 118, 121 (1997) (citations omitted); see also Scialdone v. Commonwealth, 279 Va. 422, 444, 689 S.E.2d 716, 728 (2010).

This Court has held previously that a trial court erred when it refused to allow a party to present evidence in support of his inability to pay support, which was a defense to the charge of contempt. Street, 24 Va. App. at 20-21, 480 S.E.2d at 121-22 (citations omitted.)

The trial court erred by not allowing husband to present evidence about his retirement account and his 2012 distribution. Wife argued that the trial court should find husband in contempt of their final decree of divorce. Despite his request to do so, the trial court denied husband the opportunity to present evidence and cross-examine witnesses. Because of this violation of due process, the matter is remanded for the trial court to take evidence on the distribution issue and determine husband's obligation, if any, under the terms of the agreement.[4]

## IV.

For the foregoing reasons, the trial court's ruling is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

[4] Considering our holding on the third assignment of error, we will not address the first and second assignments of error. The trial court will have the opportunity to hear evidence and argument upon the issues raised by these assignments of error.