COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

DANIEL J. POTAS

v.      Record No. 0939-17-1

MARCIA M. POTAS

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 27, 2017

FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

(Daniel J. Potas, on briefs), *pro se*. Appellant submitting on briefs.

(Kenneth B. Murov; Douglas J. Walter, Guardian *ad litem* for minor
children; Clancy & Walter, P.L.L.C., on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.

Daniel J. Potas (father) is appealing a child custody and visitation order. Father argues that the trial court "violated [his] due process, property, and obligation of contract rights" by (1) "failing to adjudicate his parental fitness" before modifying his visitation with his children, which was "not in accordance" with the parties' stipulation and marital agreement dated September 24, 2015 (the Agreement); (2) "depriving him of $9,000 of property by ordering him to pay the appellee's attorney fees and an $858 rate lock extension fee," which was "not in accordance" with the Agreement; (3) "ordering him to pay $769 more a month in child support starting on the 1st of October, 2016 than what was previously agreed to" in the Agreement; and (4) "entering a final order sustaining the previous temporary orders not in accordance" with the Agreement. Upon reviewing the record and briefs of the parties, we conclude that the trial court did not err. Accordingly, we affirm the decision of the trial court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to . . . the party prevailing below." D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) (citations omitted).

On February 14, 1999, the parties married. The parties had a son born in 2001 and a daughter born in 2003. On September 24, 2015, the parties entered into the Agreement, in which they agreed to child custody, visitation, support, and equitable distribution. On December 7, 2015, the trial court entered, *nunc pro tunc* to September 24, 2015, the parties' final decree of divorce. The final decree affirmed, ratified, and incorporated the Agreement. The parties agreed that they would have joint legal custody, and Marcia M. Potas (mother) would have primary physical custody of the children. The parties agreed to a visitation schedule between father and the children.

Approximately, one month after the entry of the final decree, the parties filed various pleadings regarding custody and visitation issues. On April 13, 2016, the parties appeared before the trial court. The trial court temporarily modified visitation between father and the children. Father's overnight visitation with his daughter was temporarily suspended, and while visitation was permitted with his son, it was not required. The trial court set a review date for June 29, 2016. The trial court entered an order on June 3, 2016, *nunc pro tunc* to April 13, 2016.

On June 29, 2016, the parties appeared before the trial court for a review hearing. The trial court held that the parties would continue to have joint legal custody until further order of the court. The trial court also stated that father's overnight visitation with his daughter would remain temporarily suspended. The trial court reduced father's weekly and weekend visitation with his daughter and ordered that visitation occur in York County, City of Poquoson, City of Williamsburg, or County of James City. The trial court stated that there was no required visitation between father

- 2 -

and his son. The trial court set a review date in September 2016. The trial court entered an order on August 1, 2016.

On September 26, 2016, the parties appeared before the trial court. The trial court awarded sole legal and physical custody of the children to mother. The trial court continued to suspend temporarily father's overnight visitation with his daughter. The trial court determined visitation during Christmas and Spring breaks. The trial court again held that there was no required visitation between father and his son. The trial court set another review date in May 2017. The trial court entered a temporary custody and visitation order on November 7, 2016.

At the conclusion of the September 26, 2016 hearing, the trial court also modified child support, at the request of mother, and entered a final child support order on November 9, 2016. Father did not appeal the November 9, 2016 child support order.

On May 10, 2017, the parties appeared before the trial court for a final custody and visitation hearing. After hearing the evidence and argument, the trial court reviewed the statutory factors and ruled that mother would have sole legal and physical custody of the children. The trial court held that father would not have overnight visitation with his daughter and provided a detailed visitation schedule for father with his daughter. The trial court further stated that there would be no required visitation between father and his son. The trial court denied mother's request for attorney's fees and costs and divided the guardian *ad litem*'s fees between the parties. On June 6, 2017, the trial court entered the final order of custody and visitation. Father timely noted his appeal of the June 6, 2017 order.

## ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

- 3 -

"[T]here is a presumption on appeal that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." D'Ambrosio, 45 Va. App. at 335, 610 S.E.2d at 882 (citing Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004)).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

*Assignments of error #1 and 4*

Father argues that the trial court erred by modifying custody and visitation. He contends the trial court violated his rights by "failing to adjudicate his parental fitness" before modifying his visitation. He contends the trial court erred by entering orders that were "not in accordance with [the Agreement] previously and legally entered into by both parties."

With respect to father's allegation that his due process rights were violated, the Virginia Constitution states that "no person shall be deprived of his life, liberty, or property without due process of law . . . ." Va. Const. art. I, § 11. "All the authorities agree that due process of law requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before any binding decree can be passed affecting his right to liberty or property." Tidwell v. Late, 67 Va. App. 668, 687, 799 S.E.2d 696, 705 (2017) (quoting Menninger v. Menninger, 64 Va. App. 616, 621, 770 S.E.2d 232, 235 (2015)). "A day in court, an opportunity to be heard, is an integral part of due process of law." Id. (quoting Menninger, 64 Va. App. at 621, 770 S.E.2d at 235).

Contrary to father's arguments, his due process rights were not violated. Father had notice of each hearing and had the opportunity to be heard. He presented evidence and argument. The trial court listened to all evidence and argument prior to making its rulings.

Father further argues that the trial court erred by modifying the parties' Agreement regarding custody and visitation. However, the trial court incorporated the Agreement into the final decree of divorce. Accordingly, it was subject to modification pursuant to Code § 20-108, which states:

> The court may, from time to time after decreeing as provided in § 20-107.2, on petition of either of the parents, or on its own motion or upon petition of any probation officer or the Department of Social Services, which petition shall set forth the reasons for the relief sought, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require.

"When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification." Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003). Contrary to father's arguments, a court does not need to find a parent unfit prior to modifying custody and visitation between the parents.

Here, the trial court found that there was a material change in circumstances because the parties' communication deteriorated and father's words and actions were negatively impacting the children. The trial court found that father did not fully appreciate how his words and actions affected the children. Throughout the process, the trial court gave father opportunities to improve his relationship with his children, but to no avail. For instance, the trial court provided for therapy between father and the children, but father was not cooperative. At the September 26, 2016 hearing, the trial court told father, "It's what you want and almost an imposition of your will, your desires on everybody else and they have to succumb to it." At the May 10, 2017 hearing, the trial court stated, "And the Court finds that based on the evidence that's been presented over the course of the hearings over these past two years, Mr. Potas, with all due respect to you, . . . it's clear to the Court

that you've been very controlling of not only your former wife but your children." The trial court concluded:

> [T]here has been a disconnect as it relates to your ability to fully understand your words and your actions and how that has negatively impacted the well-being of your children and to resolve disputes and prioritize their needs along the way. The Court has repeatedly seen that before the first hearing and since with these temporary orders.

At the May 10, 2017 hearing, the trial court reviewed each of the factors from Code § 20-124.3 and determined that it was in the best interests of the children to modify custody and visitation. Based on the record, the trial court did not err in modifying custody and visitation.

*Assignment of error #2*

Father argues that the trial court erred by ordering him to pay $858 for a rate lock extension fee and $9,000 of mother's attorney's fees because the court's order violated the terms of the Agreement.

Mother filed a petition for rule to show cause and argued that father owed her $858 for a rate lock extension fee. Pursuant to the Agreement, mother was required to refinance the mortgage on the former marital residence. Since father did not timely endorse the deed conveying his interest in the property to mother, mother's closing did not occur as scheduled, and she was forced to pay $858 for the rate lock extension. At the April 13, 2016 hearing, the trial court found that father owed mother $858. Father did not note his exception to the order from the April 13, 2016 hearing. In fact, he did not make known his objection until the June 6, 2017 order.

Moreover, at the June 29, 2016 hearing, mother's attorney informed the trial court that father paid the $858 fee. "Voluntary payment of a judgment deprives the payor of the right of appeal." Citizens Bank & Trust Co. v. Crewe Factory Sales Corp., 254 Va. 355, 355, 492 S.E.2d 826, 826 (1997) (citing Carlucci v. Duck's Real Estate, Inc., 220 Va. 164, 166, 257 S.E.2d 763, 765 (1979)).

At the conclusion of the April 13, 2016 hearing, the trial court took under advisement mother's request for attorney's fees. At the June 29, 2016 hearing, the trial court heard evidence that father engaged in numerous communications with mother's attorney, which caused her to incur greater expenses. The trial court ordered father to pay $9,000 toward mother's attorney's fees. Father did not note his objection to the ruling and waived his endorsement of the order from the June 29, 2016 hearing. As with the rate extension fee, father did not make known his objection about the award of attorney's fees until the June 6, 2017 order.

This Court will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). Father did not make a timely objection to the trial court's order that he pay mother $858 for the rate extension fee or $9,000 for her attorney's fees. Therefore, this Court will not consider father's arguments in the second assignment of error.

*Assignment of error #3*

Father argues that the trial court erred by ordering him to pay more child support than what the parties agreed to in the Agreement. He further asserts that he was not served with the motion to amend child support. He noted his objections on the June 6, 2017 custody and visitation order.

The trial court entered a final child support order on November 9, 2016. Father did not appeal that order.[1] Rule 1:1 states, "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified,

---

[1] Father did appeal the amended child support order entered on July 12, 2017. See Potas v. Potas, Record No. 1242-17-1.

vacated, or suspended for twenty-one days after the date of entry, and no longer." After the expiration of twenty-one days, or by November 30, 2016, the child support order was final.

As with the orders regarding the late extension fee and attorney's fees, father's objections to the child support order were not timely, and this Court will not consider father's arguments in the third assignment of error.

*Attorney's fees and costs*

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.