COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Petty, Athey and Senior Judge Clements

DAVID WAYNE MINNICK

v.      Record No. 1346-19-3

TAMELA LAURA MINNICK

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 10, 2020

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Sage B. Johnson, Judge

(David Eddy, on brief), for appellant.

(Bruce H. Russell, II; Michael R. Worrell; Bruce H. Russell, II, P.C.,
on brief), for appellee.


David Wayne Minnick (husband) appeals a final decree of divorce. Husband argues that the

circuit court erred by signing an agreed order which stated that "the attached exhibits from Arbico

East Inc. are hereby admitted for proof of its content and for the [c]ourt's consideration in its

equitable distribution" and then failing to "mark the exhibit[s] or consider these exhibits" for the

value of Tamela Laura Minnick's (wife) retirement account. Husband states that the exhibits "have

seemingly now been lost or never attached" and that "[t]his mistake by the trial court had a

significant impact on equitable distribution as a whole." Husband further argues that the trial court

erred by failing "to equitably distribute the wife's retirement income." Husband asserts that the

circuit court erred when "it found insufficient evidence to grant [him] a divorce based on the fault

ground of desertion and abandonment and found, without evidence to support this conclusion, that

'the parties separated with the intent of obtaining a divorce.'" Husband contends that the circuit

court erred when it ordered him to pay wife "half the equity value of the home as of separation in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

addition to relieving [her] from contribution to the mortgage and home equity debt incurred during the marriage and which [he] paid for four years and 10 months during separation." Lastly, husband argues that the circuit court erred by not awarding him his attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the circuit court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Menninger v. Menninger, 64 Va. App. 616, 618 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

The parties married on September 18, 1989, and separated on September 1, 2014. Husband filed a complaint for divorce and requested a divorce "due to wife's actual desertion and mental cruelty." Wife filed an answer to the complaint and a cross-complaint in which she requested a divorce "on the grounds of cruelty or constructive desertion."

The parties submitted evidence by depositions, and thereafter, each party filed "position letters," detailing their arguments for the grounds of divorce, equitable distribution, and attorney's fees. On January 7, 2019, the circuit court issued a letter opinion. The circuit court found that the evidence was insufficient to support a fault ground for divorce and awarded the parties a divorce based on them living separate and apart for more than one year. After considering the equitable distribution factors of Code § 20-107.3(E), the circuit court distributed the parties' marital assets and debts. The circuit court ordered that each party would be responsible for his/her own attorney's fees. On June 13, 2019, the circuit court entered a final decree of divorce, which husband endorsed as "Approved for Entry and Objected to." This appeal followed.

ANALYSIS

*Wife's retirement*

Husband argues that the circuit court erred when it failed to equitably distribute wife's retirement income. The circuit court found that wife had a retirement plan, but there was no evidence about the "account balance, contributions made during the marriage, and whether any contributions made were prior to the marriage." The circuit court found that wife had testified that she had a retirement plan "but zeroed it out to pay bills around the time of separation in September, 2014." The circuit court held that based on "this limited information," it could not "make any award to the other party of any retirement account."[1] Therefore, the circuit court ordered that each party would retain his/her own retirement account "to the extent that there are any such accounts and the accounts continue in existence."

Husband alleges that he had obtained documentation about wife's retirement and submitted it to the circuit court. On October 3, 2018, the parties signed an agreed order, which stated that "the attached exhibits from Arbico East Inc. are hereby admitted for proof of its content and for the [c]ourt's consideration in its equitable distribution." The record, however, does not include any attachments to the October 3, 2018 order. Husband admits that the exhibits are "not part of the record on appeal" and "have seemingly now been lost or never attached." He contends that the circuit court erred because it "failed to mark or consider" the exhibits regarding wife's retirement. He further asserts that the circuit court should have noticed "that the record was missing an essential exhibit."

Husband raises this argument for the first time on appeal. The record does not reflect that husband alerted the circuit court that the attachments were missing from the October 3, 2018 order, nor did he object to the circuit court's finding that it had insufficient evidence to value

_____

[1] The circuit court found that no evidence was presented about husband's retirement plan.

- 3 -

wife's retirement account. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Tackett v. Arlington Cty. Dep't of Human Servs., 62 Va. App. 296, 315 (2013) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)). "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666 (2011). "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" Friedman v. Smith, 68 Va. App. 529, 544 (2018) (quoting Andrews v. Commonwealth, 37 Va. App. 479, 493 (2002)).

Moreover, "[t]he burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5 (1989); see also Hamad v. Hamad, 61 Va. App. 593, 609 (2013). Since husband failed to ensure that the circuit court had all of the information necessary to value and distribute wife's retirement, the circuit court did not err in holding that wife would retain her retirement account, if it continued to exist.

### *Grounds for divorce*

Both parties requested a divorce based on fault grounds; however, the circuit court found that neither party presented sufficient evidence to support a fault ground. Therefore, the circuit court granted the parties a divorce "based on a one-year separation pursuant to [Code] § 20-91(A)(9)(a)."

Husband argues that the circuit court erred when "it found insufficient evidence to grant [him] a divorce based on the fault ground of desertion and abandonment and found that the parties separated with the intent of obtaining a divorce." Husband contends that his evidence was sufficient to prove that wife left him without justification. Nevertheless, husband does not argue that there was insufficient evidence to support a finding that the parties had lived separate and apart for more than one year. In fact, husband stated in his complaint for divorce that the parties had "lived separate and apart, continuously, without any cohabitation and without interruption, since on or about September 1, 2014" and that no reconciliation was possible. Accordingly, even if we assume that the record supports husband's argument regarding the fault grounds for divorce, the circuit court had "two equally legitimate grounds" for granting the divorce. Fadness v. Fadness, 52 Va. App. 833, 840 (2008).

"Where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Id. (quoting Konefal v. Konefal, 18 Va. App. 612, 613-14 (1994)). Circuit courts are not required "to give precedence to one proven ground of divorce over another." Id. (quoting Williams v. Williams, 14 Va. App. 217, 219 (1992)). Therefore, assuming without deciding that multiple grounds for divorce existed, "the circuit court was free to choose between those grounds in granting the divorce, and did not abuse its discretion by granting the divorce on the grounds of living separate and apart for more than one year where . . . that ground was supported by the evidence." Id.

*Former marital residence*

Husband argues that the circuit court erred when it ordered him to pay wife one-half of the equity in the former marital residence at the time of the parties' separation. Husband further asserts that the circuit court erred in "relieving [wife] from contribution to the mortgage and home equity debt incurred during the marriage and which [husband] paid . . . during [the]

separation." Husband's arguments on appeal focus on the circuit court "misapplying the statutory factors by not considering marital fault and the resulting pecuniary impact on the value of the marital assets." He emphasizes Code § 20-107.3(E)(5) and the circuit court's failure to consider the circumstances and factors contributing to the dissolution of the marriage, specifically wife's desertion. He also stresses Code § 20-107.3(E)(10) and the circuit court's failure to consider the dissipation of wife's retirement funds.[2]

Husband raises his objections to the circuit court's consideration of the Code § 20-107.3(E) factors for the first time on appeal. Husband endorsed the final decree of divorce as "Approved for Entry and Objected to," without further explanation.

"Ordinarily, endorsement of an order '[s]een and objected to' is not specific enough to meet the requirements of Rule 5A:18 because it does not sufficiently alert the trial court to the claimed error." Canales v. Torres Orellana, 67 Va. App. 759, 771 (2017) (*en banc*) (quoting Herring v. Herring, 33 Va. App. 281, 286 (2000)). "Such an endorsement is sufficient to satisfy Rule 5A:18 only if 'the ruling made by the trial court was narrow enough to make obvious the basis of appellant's objection.'" Id. (quoting Herring, 33 Va. App. at 286). Furthermore, if "a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal.'" Id. (quoting Brown v. Commonwealth, 279 Va. 210, 217 (2010)).

Husband submitted a "position letter," which expressed his objection to wife receiving any equity in the former marital residence. He argued that he had "shouldered the household expenses for four years on his own," but he did not raise the specific arguments he raises on

---

[2] The circuit court found that "[g]iven the limited and reasonable debt of the parties, the [c]ourt is not aware of any expenditure of marital funds for non-marital purposes."

appeal that the statutory factors, especially Code § 20-107.3(E)(5) and (10), should have affected the circuit court's distribution of the former marital residence.

Accordingly, we will not consider husband's arguments regarding the equitable distribution award of the former marital residence.

*Attorney's fees*

Husband argues that the circuit court erred when it refused to award him attorney's fees. He contends that the "errors made by the trial court as to marital separation and fault and the wife's retirement account . . . demand a review and reassessment of the court's denial of attorney's fees and costs."

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Allen v. Allen, 66 Va. App. 586, 601 (2016) (quoting Richardson v. Richardson, 30 Va. App. 341, 351 (1999)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." Id. at 602 (quoting McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985)).

As noted above, the circuit court did not err in its equitable distribution award or in granting the divorce based on no-fault grounds. The circuit court considered all of the circumstances and declined to award attorney's fees to either party. Based on the entire record, we find that the circuit court did not abuse its discretion in ordering each party to pay for his/her attorney's fees and costs.

Both parties requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman, 68 Va. App. at 545. Since wife has prevailed in this appeal, we deny husband's request for attorney's fees and costs.

Rogers v. Rogers, 51 Va. App. 261, 274 (2008).  Having reviewed and considered the entire

record in this case, we also deny wife's request for attorney's fees.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.