COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, AtLee and Senior Judge Haley

MALCOLM JASON MONROE

v.      Record No. 2089-19-3

JENNIFER WOOD MONROE, N/K/A
 JENNIFER WOOD LEE

MEMORANDUM OPINION*
PER CURIAM
MAY 5, 2020

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Charles L. Ricketts, III, Judge

(Walter F. Green, IV, on brief), for appellant. Appellant submitting
on brief.

(Dana R. Cormier, on brief), for appellee. Appellee submitting on
brief.

Malcolm Jason Monroe appeals the circuit court's equitable distribution order. Monroe

argues that the circuit court judge erred by not recusing himself. Monroe also argues that the circuit

court erred in its classification of marital property and not considering his "separate property and

non-monetary contributions into the marital home." Lastly, he challenges the award of attorney's

fees to his former wife, Jennifer Wood Lee. Upon reviewing the record and briefs of the parties,

we conclude that the circuit court did not err. Accordingly, we affirm the decision of the circuit

court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Menninger v. Menninger, 64 Va. App. 616, 618 (2015) (quoting Congdon v. Congdon, 40 Va. App. 255, 258 (2003)).

The parties married on June 1, 2007, and separated on November 18, 2016. Lee filed a complaint for divorce, and Monroe filed an answer and counterclaim. The circuit court bifurcated the matter and entered a final decree of divorce on January 31, 2019, while retaining jurisdiction to consider spousal support, equitable distribution, and attorney's fees and costs.

On October 8, 2019, the parties appeared before the circuit court for a hearing on the outstanding matters.[1] Monroe argued that he was entitled to half of the equity in the former marital residence and claimed to have made monetary and non-monetary contributions to the property. Lee presented evidence that her father had executed a deed of gift and transferred the former marital residence to her during the marriage. She further produced evidence that the parties had obtained a joint line of credit that was secured by a deed of trust on the former marital residence. The parties subsequently refinanced and satisfied the credit line after obtaining a new mortgage. Lee later refinanced the loan into her name only and requested to be reimbursed for monies used to pay for Monroe's credit cards, car loan, and truck purchase, as well as the monies he withdrew after the parties' separation. Lee also presented evidence documenting the amount of attorney's fees she had incurred and asked for an award of attorney's fees.

After hearing the evidence and argument, the circuit court took the matter under advisement and issued a letter opinion on October 29, 2019. The circuit court reviewed the equitable distribution factors from Code § 20-107.3, although the evidence regarding the factors was "extremely limited." The circuit court held that there was no marital property and that the former marital residence was Lee's separate property, acquired by a deed of gift. While

---

[1] Spousal support was not contested at the final hearing.

acknowledging Monroe's argument that his personal efforts and contributions led to an increase in the value of the property, the circuit court found that Monroe failed to meet his burden of proving that "personal effort was made and that the separate property increased in value," as required by Code § 20-107.3, because Monroe failed to present any evidence "as to the value of the property either before his contributions or currently." The circuit court found that the mortgage was a marital debt and ordered Monroe to pay a portion of the loan attributed to his expenses and withdrawal of funds. Lastly, the circuit court ordered Monroe to pay part of Lee's attorney's fees and costs. Monroe noted his objections to the circuit court's ruling.

On December 10, 2019, the circuit court entered the equitable distribution order. This appeal followed.

ANALYSIS

*Recusal of judge*

At the beginning of the circuit court hearing, the judge informed the parties that he had received a message from Monroe's counsel, who had advised him that Lee's mother was a clerk in the juvenile and domestic relations district court (the JDR court) where the judge had presided from 2005 until 2013. Although the judge knew Lee's mother, he did not know Lee or Monroe. The judge specifically asked Monroe if he had any objections to him hearing the case because the judge did not "want anybody to feel uncomfortable with it." Monroe responded that he did not have "any problems" with the judge hearing the case.

After receiving the judge's letter opinion, Monroe filed his objections, including that the court "had a conflict that could not be cured by consent." On appeal, Monroe argues that the judge erred by not recusing himself from presiding over the case because he knew Lee's mother.

"Under Canon 3E(1) of the Canons of Judicial Conduct, 'A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned,

- 3 -

including but not limited to instances where . . . [t]he judge has a personal bias or prejudice concerning a party.'" Prieto v. Commonwealth, 283 Va. 149, 163 (2012). "Where a judge advises the parties at the beginning of a hearing that the judge knows a claimant and asks if any party has a problem with the judge's presiding over the case, and counsel states that they have no problem, the claimants have waived recusal." 46 Am. Jur. 2d Judges § 206. "A party effectively acquiesces to a judge hearing the case when the party brings up the issue of disqualification only after receiving an adverse ruling." Id.

We find that Monroe waived his objection to the judge hearing the case. Moreover, a judge is not required "to recuse him or herself from a case merely because he or she has seen or had indirect knowledge of the defendant on a previous occasion, without a showing of bias or prejudice." Commonwealth v. Jackson, 267 Va. 226, 229 (2004). Monroe failed to prove that the judge was biased or prejudiced. Id.; see also Prieto, 283 Va. at 163.

*Equitable distribution*

Monroe argues that the circuit court erred in classifying the marital property and not considering his separate property and non-monetary contributions to the former marital home. Monroe asserts that the circuit court erred by ordering him to pay a portion of the marital debt on the marital residence and not awarding him "any portion of the marital home." He contends that he sold two real estate parcels, invested the funds into the marital estate, and made substantial efforts in improving the former marital residence by replacing the roof, installing new flooring, replacing fencing, and painting the house.

"On appeal, 'decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed unless plainly wrong or unsupported by the evidence.'" Layman v. Layman, 62 Va. App. 134, 137 (2013) (quoting McDavid v. McDavid, 19 Va. App. 406, 407-08 (1994)). "In reviewing an equitable distribution award on appeal, we have recognized

- 4 -

that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Fadness v. Fadness, 52 Va. App. 833, 841 (2008) (quoting Klein v. Klein, 11 Va. App. 155, 161 (1990)). "The General Assembly has given circuit courts the discretion to determine the equitable distribution of marital assets in connection with a divorce. Its discretion is limited only in that the circuit court must consider all of the factors in Code § 20-107.3(E)." Id. at 842. "Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Wright v. Wright, 61 Va. App. 432, 451 (2013) (quoting Ranney v. Ranney, 45 Va. App. 17, 31-32 (2005)).

"Separate property is . . . all property acquired during the marriage by . . . gift from a source other than the other party . . . ." Code § 20-107.3(A)(1). The evidence proved that Lee acquired the former marital residence by a deed of gift from her father,[2] so it was presumptively Lee's separate property. Id. Monroe argued, however, that his contributions and personal efforts transmuted the separate property into hybrid property.

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

Code § 20-107.3(A)(3)(a). "[T]he nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value." Id. see also David v. David, 287 Va. 231, 239 (2014).

---

[2] Monroe acknowledged at trial that no interest in the property had been deeded to him.

Regardless of any contributions or personal efforts that Monroe might have made, he presented no evidence about the value of the former marital residence. By not presenting evidence on the issue, Monroe failed to meet his burden under Code § 20-107.3(A)(3)(a) of proving that the home's value increased. Therefore, the circuit court did not err in classifying the former marital residence as Lee's separate property, as opposed to hybrid property.

Monroe also argues that the circuit court erred in ordering him to pay a portion of the marital debt. The evidence proved that the parties had taken out an equity line and a mortgage on the former marital residence and that they used the proceeds to pay some of Monroe's expenses, including his car loan and his credit cards. Monroe also admitted to withdrawing funds from the loan.

The circuit court did not err in classifying the loan as marital debt because it was "incurred in the joint names of the parties before the date of the last separation of the parties." Code § 20-107.3(A)(5). Furthermore, the circuit court had the authority to "apportion and order the payment of the debts of the parties . . . based upon the factors listed in subsection E." Code § 20-107.3(C). In its letter opinion, the circuit court considered the Code § 20-107.3(E) factors and then determined the amount of Monroe's share of the marital debt.

Based on the record, the circuit court did not err in classifying the property and debt and ordering Monroe to pay a portion of the marital debt.

*Attorney's fees*

Monroe argues that the circuit court erred in ordering him to pay any of Lee's attorney's fees. "[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Allen v. Allen, 66 Va. App. 586, 601 (2016) (quoting Richardson v. Richardson, 30 Va. App. 341, 351 (1999)). "An abuse of discretion occurs 'only "when reasonable jurists could not differ"' as to the proper decision." Id.

(quoting <u>Brandau v. Brandau</u>, 52 Va. App. 632, 641 (2008)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." <u>Id.</u> at 602 (quoting <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277 (1985)).

The circuit court based its award on the circumstances of the case and Monroe's "unsubstantiated claims." Based on the record, we find that the circuit court did not abuse its discretion in awarding attorney's fees to Lee.

*Appellate attorney's fees and costs*

Lee asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." <u>Friedman v. Smith</u>, 68 Va. App. 529, 545 (2018). Having reviewed and considered the entire record in this case, we hold that Lee is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by Lee in this appeal. Rule 5A:30(b).

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

<u>Affirmed and remanded.</u>