COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Fulton and Lorish
Argued by videoconference


JASON MICHAEL LEIDEL

                                                    MEMORANDUM OPINION* BY
v.          Record No. 0592-23-1                    JUDGE RANDOLPH A. BEALES
                                                    FEBRUARY 4, 2025

ERICA FOX LEIDEL


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

        Jason Michael Leidel, *pro se*.

        No brief or argument for appellee.

        (Peter Imbrogno; Peter Imbrogno & Associates, P.C., by letter),
        Guardian *ad litem* for the minor children.


        Jason Michael Leidel ("father") appeals the order of the Circuit Court of the City of Virginia

Beach denying his request for a continuance and dismissing his case for failure to prosecute.  Father

raises twenty-four assignments of error challenging the circuit court's failure to rule on his pre-trial

motions, its denial of his continuance request, its dismissal of his appeal, its failure to sign his eight

written statements of facts in lieu of a transcript, its denial of his post-trial motions, and its failure to

rule on his motion to set aside the final order.

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

# I. BACKGROUND[1]

"On appeal, we view the evidence 'in the light most favorable to the prevailing party below and its evidence is afforded all reasonable inferences fairly deducible therefrom.'" *Bedell v. Price*, 70 Va. App. 497, 500-01 (2019) (quoting *Bristol Dep't of Soc. Servs. v. Welch*, 64 Va. App. 34, 40 (2014)).

Father and Erica Fox Leidel ("mother") are the parents to two children. On January 7, 2022, the City of Virginia Beach Juvenile and Domestic Relations District Court (the "J&DR court") entered custody and visitation orders awarding mother and father joint legal custody of their children — with mother having "the final say" if "the parties do not agree on an issue regarding the child's health or education," and father having visitation with the children "in a therapeutic setting only." Father appealed the J&DR court's orders to the circuit court. While the case was pending in the circuit court, father filed numerous pre-trial motions, many of which concerned discovery issues.[2]

The circuit court originally scheduled the custody and visitation hearing for June 16, 2022. However, at the beginning of the hearing, mother's counsel and the children's guardian *ad litem* requested a continuance because (1) father was "a target of a criminal investigation" by the United States Department of Justice, and (2) the parties' older child was in a residential treatment program.

---

[1] The record in this case was sealed. "To the extent that this opinion mentions facts found in the sealed record, only those specific facts have been unsealed because they are relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Eckard v. Commonwealth*, ___ Va. ___, ___ n.1 (Aug. 1, 2024).

[2] The record before this Court on appeal, however, does not include orders reflecting the circuit court's rulings on many of father's pre-trial motions.

Over father's persistent objection, the circuit court granted the continuance request and continued the custody and visitation hearing to November 17, 2022.[3]

On November 2, 2022, an attorney representing father "in a matter pending before the United States District Court for the District of Maryland" advised the circuit court that father "was ordered detained" on October 24, 2022, and that father would be "unable to appear at any hearings currently scheduled in this matter" before the circuit court "[b]ecause of his detention." The November 2, 2022 letter from father's attorney stated that it "follows up on phone calls with the clerk's office on October 31, 2022 and November 2, 2022 regarding Mr. Leidel's unavailability." Father's attorney requested that "any hearings currently scheduled in this matter" — including the hearings scheduled "for 11/4/22 at 9:30 a.m. and 11/17/22 at 9:30 a.m." — "be postponed until his release." However, despite the fact that father made these repeated pre-trial requests for a continuance because of his recent incarceration and the fact that he was *pro se*, the circuit court nevertheless proceeded with the custody and visitation hearing on November 17, 2022, as scheduled (when father could not be present), and then dismissed the appeal.

On February 2, 2023, father, who was still acting *pro se*, sent a letter to the circuit court clerk's office advising the circuit court that he previously "was detained in Baltimore, Maryland" and that the federal court at that point had placed him "on home confinement in Scranton, Pennsylvania as well as other release from detention restrictions, including but not limited to currently prohibiting the use of internet capable devices." Believing that the circuit court had continued the November 17, 2022 hearing during his detention, father requested that the custody and visitation matter before the circuit court "be continued until a date mutually agreed upon by

---

[3] The Honorable A. Bonwill Shockley presided at the hearing on June 16, 2022, and ruled on the continuance request made by mother's counsel and the children's guardian *ad litem*.

the parties." He maintained that "his home confinement," his "release from detention restrictions," and his "current criminal charge(s) pending" in the federal court "would severely hamper my preparation and unduly prejudice my ability to litigate these matters" in the circuit court as a *pro se* litigant.

On March 9, 2023, the circuit court entered an order memorializing its rulings from the November 17, 2022 hearing. The circuit court noted that father had requested a continuance, that he was not present at the hearing, and that he "is and will be confined to a corrections facility without bond pending his trial" in the federal court, "the date of which has not been set." The circuit court then denied father's continuance request, it dismissed his appeal "for failure to prosecute," and it remanded the matter to the J&DR court so that "either party may file a petition for modification of the January 7, 2022 Order based on a material change in circumstances." Father subsequently filed several post-trial motions. Although the circuit court sent a letter to the parties on March 15, 2023, in response to father's post-trial motions, the record before this Court on appeal does not include any orders from the circuit court acting on these post-trial motions. Father timely appealed the circuit court's final order to this Court.[4]

## II. ANALYSIS

On appeal, father argues, "The trial court erred in prejudicing Mr. Leidel by preventing him from presenting his case when it failed to grant his multiple continuance requests." He further argues, "The trial court erred in denying Mr. Leidel's right to due process of law when it dismissed his appeal based on improper factors."

Code § 16.1-106.1(D) states:

> If a party who has appealed a judgment or order of a district court
> fails to appear in circuit court either at the time for setting the

---

[4] Father also filed eight written statements of facts in lieu of a transcript, none of which were endorsed by the circuit court judge and none of which had a place on them for the judge to sign endorsing them.

- 4 -

appeal for trial or on the trial date, the circuit court may, upon the motion of any party, enter an order treating the appeal as withdrawn and disposing of the case in accordance with this section. If no party appears for trial, the court may deem the appeal to be withdrawn without a motion and enter an order disposing of the case in accordance with this section.

By providing that a circuit court "may, upon the motion of any party, enter an order treating the appeal as withdrawn," Code § 16.1-106.1(D) grants a circuit court broad discretionary authority to treat an appeal from a district court as withdrawn when the party who appealed does not appear for trial in the circuit court. *See Wal-Mart Stores E., LP v. State Corp. Comm'n*, 299 Va. 57, 70 (2020) (holding that a statute's use of the word *may* provides "a broad[] grant of discretionary authority"); *Sauder v. Ferguson*, 289 Va. 449, 457-58 (2015) (emphasizing the discretion vested in the circuit court when a statute provides that it *may* take an action).

It is well settled that

[t]he decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant.

*Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007) (emphasis in original). "The absence of one renders inconsequential the presence of the other." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007), *aff'd*, 275 Va. 144 (2008). "[W]hen a circuit court's refusal to grant a continuance 'seriously imperil[s] the just determination of the cause,' the judgment must be reversed." *Haugen*, 274 Va. at 34 (second alteration in original) (quoting *Myers v. Trice*, 86 Va. 835, 842 (1890)); *see also Mabe v. Wythe Cnty. Dep't of Soc. Servs.*, 53 Va. App. 325, 334 (2009).

A circuit court can abuse its discretion in three principal ways: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper

factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Everett v. Tawes*, 298 Va. 25, 40 (2019) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "An abuse of discretion occurs 'only when reasonable jurists could not differ' as to the proper decision." *Carrithers v. Harrah*, 63 Va. App. 641, 653 (2014) (quoting *Brandau v. Brandau*, 52 Va. App. 632, 641 (2008)). "This highly deferential standard of review, of course, does not 'simply mean that a circuit court may do whatever pleases it.'" *Id.* (quoting *Shebelskie v. Brown*, 287 Va. 18, 26 (2014)).

In this case, the parties appeared in person before the circuit court on June 16, 2022 (the original custody and visitation hearing date), when mother's counsel and the children's guardian *ad litem* advised the circuit court that father was under federal criminal investigation. Over father's objection, the circuit court granted the continuance request made by mother's counsel and by the children's guardian *ad litem* (which, according to father, they had made for the first time on the day of the hearing), and the circuit court continued the matter to November 17, 2022. On November 2, 2022 (well before the continued hearing date), an attorney representing father in his federal criminal matter informed the circuit court both by telephone and by written letter that father "was ordered detained" and that he would be "unable to appear at any hearings currently scheduled in this matter" before the circuit court on November 4, 2022, or November 17, 2022, "[b]ecause of his detention." Father's attorney requested that "any hearings currently scheduled in this matter be postponed until his release." Acknowledging that father had requested a continuance and that he was not present at the hearing because he was "confined to a corrections facility without bond pending his trial" in the federal court, the circuit court nevertheless denied father's continuance request, and it dismissed his appeal "for failure to prosecute."

- 6 -

Father's detention was certainly "a relevant factor that should have been given significant weight" by the circuit court. *Everett*, 298 Va. at 40 (quoting *Landrum*, 282 Va. at 352). While acknowledging father's confinement in its final order entered on March 9, 2023, the circuit court failed to consider that father, who was acting *pro se*, did not voluntarily choose to miss the continued hearing date. At the original hearing on June 16, 2022, father objected to the continuance request made by mother's counsel and by the guardian *ad litem*, yet the circuit court granted their motion over father's objection, and it continued the matter to November 17, 2022. Father had not previously requested a continuance, and his attorney for his federal criminal matters contacted the circuit court well before the November 17, 2022 continued hearing date. *See Reyes v. Commonwealth*, 68 Va. App. 379, 387-89 (2018) (discussing the "exceptional circumstances" that must exist for "a last minute request for a continuance"). Considering these specific circumstances in this particular case, we find that the circuit court abused its discretion by denying father's continuance request.

Father must also show that the denial of his continuance request resulted in prejudice to him. "To establish the necessary prejudice, [father] must do more than note []he lost the case; []he must establish that the decision to deny h[im] a continuance prevented h[im] from presenting h[is] case or otherwise caused h[im] to lose the case." *Geouge v. Traylor*, 68 Va. App. 343, 374 (2017). Prejudice "may not be presumed; it must appear from the record." *Bolden*, 49 Va. App. at 290 (quoting *Lowery v. Commonwealth*, 9 Va. App. 304, 307 (1990)).

In this case, after denying father's request for a continuance, the circuit court dismissed his appeal and remanded the custody and visitation matter to the J&DR court — all of which prevented father from presenting and arguing his case to the circuit court. As this Court has recognized, "All the authorities agree that 'due process of law' requires that a person shall have reasonable notice and a reasonable opportunity to be heard before an impartial tribunal, before

any binding decree can be passed affecting his right to liberty or property." *Tidwell v. Late*, 67 Va. App. 668, 687 (2017) (quoting *Menninger v. Menninger*, 64 Va. App. 616, 621 (2015)). "A day in court, an opportunity to be heard, is an integral part of due process of law." *Id.* (quoting *Menninger*, 64 Va. App. at 621). By dismissing his appeal, the circuit court prevented father from having his day in court in a matter that dealt with a parent's right to custody and visitation with his children — a key right and responsibility of any parent. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (emphasizing that "the interest of parents in the care, custody, and control of their children" "is perhaps the oldest of the fundamental liberty interests recognized by this Court"). Consequently, we find that the circuit court's denial of father's continuance request (his first such request, which he made while he was incarcerated and representing himself *pro se*) and the circuit court's subsequent dismissal of his appeal resulted in prejudice to father.[5]

In short, the record before this Court on appeal demonstrates that the circuit court's denial of father's continuance request constituted an abuse of discretion and also resulted in prejudice to father because the circuit court's decision prevented him from being able to participate and argue his case in an important hearing greatly affecting his relationship with his two children. *See Haugen*, 274 Va. at 35 (quoting *Lowe v. Dep't of Pub. Welfare of the City of Richmond*, 231 Va. 277, 280 (1986)). Therefore, under these specific facts, the circuit court should have granted father's request for a continuance, and the circuit court's failure to do so was an abuse of discretion that is reversible error.

---

[5] It is well established that "[w]e have an 'obligation to decide cases on the best and narrowest grounds available.'" *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023) (quoting *Esposito v. Va. State Police*, 74 Va. App. 130, 134 (2022)). "Given the large number of issues presented here, we look for the best and fewest grounds on which to resolve this appeal." *Id.* (emphasis omitted). Therefore, we do not reach the remainder of father's numerous assignments of error.

## III.  CONCLUSION

For the foregoing reasons, we reverse the circuit court's denial of father's continuance request, and we remand for a full hearing on the merits of the custody and visitation matter.

*Reversed and remanded.*